Buxton *v.* Hamblen.

that, in this stage of the case, it was not necessary for the plaintiff to introduce further proof.

The verdict was for the plaintiff, and the defendant excepted.

*Bennett*, for the defendant.

It should have been required of the plaintiff to prove that the mortgage-note was unpaid. If unpaid, the note is presumed to be in his hands. If paid, the mortgage is of no force. The *defendant* did not give the note, and has no means of proving what payments may have been made by his vendor. It is reasonable, therefore, that the plaintiff, having possession of all the proof, should be held to produce it.

The amount which the plaintiff is entitled to recover in this action, if any thing, is the amount due upon the note. We wish to know, therefore, whether the note is unpaid, and if so, what indorsements are made upon it.

*N. Morrell*, for the plaintiff, cited R. S. chap. 125, sect. 31 and 32; Phil. Ev. 89; 18 Maine, 357; Shep. Touch. 1820; 20 Maine, 408; 18 Pick. 394.

---

BUXTON *versus* HAMBLEN.

The R. S. chap. 64, *by necessary inference*, prohibits the sale or purchase of pressed hay, unless branded, as is prescribed in the first section.

A contract to purchase hay, in violation of that law, cannot be enforced.

A contract for the sale and purchase of pressed hay, to be performed at a future day, upon which the delivery was to be made, cannot be enforced by the seller, if the hay at said time of delivery was not duly branded.

EXCEPTIONS from the District Court, COLE, J.

Assumpsit, upon an alleged contract by the defendant to purchase of the plaintiff from twenty-five to forty tons of pressed hay to be shipped to Massachusetts. There was evidence tending to prove the contract as alleged, and that the plaintiff afterwards purchased forty tons, and procured it to be delivered at the stipulated time and place, in readiness for the defendant, who though duly notified refused to receive it. The plaintiff also had at the same time and place sixty other tons of hay.

The defence set up was, that a part of the bundles of the hay was not " branded," as required by R. S. c. 64, which provides, section 1, " all hay, pressed and put up in bundles for sale in this State, shall be branded, on the bands or boards enclosing the same, with the first letter of the christian name and the whole of the surname of the person packing, screwing or otherwise pressing the hay ; and also with the name of the place where the hay was pressed, or where the person packing or screwing the hay shall live, with the name of the State ;" section 2, "all screwed hay offered for sale or shipping, unless branded in the manner mentioned in the preceding section, shall be forfeited."

There was no proof, that any of the bundles of the plaintiff's hay were branded; some of them were proved by his own witnesses not to have been branded. A nonsuit was ordered, and to that order the plaintiff filed exceptions.

*O'Donnell*, for the plaintiff.

1. The defendant's objection comes too late. The plaintiff had a hundred tons of pressed hay at the agreed time and place for delivery. It does not appear, that he might not have furnished the forty tons duly branded. The defendant ought to have appeared and made a selection. If the defendant had any objection to the article, he waived it by not making it known to the plaintiff. *Goodhue* v. *Butman*, 8 Maine, 116.

2. The plaintiff was not bound to prove that every one of a thousand bundles was branded. It was a question for the jury, whether he was ready, if called upon, to deliver *such* hay as the contract required.

3. The want of a brand did not vacate the contract, for it exposed to no penalty, but simply to a forfeiture. The *sale* of unbranded hay is not prohibited.

4. The statute is entitled, " of Fraud in pressing Hay." It requires a brand of the name of the person pressing it. Suppose several persons to have been employed in pressing this hay ; whose name is the brand to bear ?

The plaintiff did not press the hay, he purchased it as it was pressed by others. Is he to be deemed guilty of "*fraud* in pressing hay," or of *fraud* in selling it, because others had neglected their duty to brand it ? Fraud is not to be presumed. *Goodhue* v. *Butman*, 8 Maine, 116.

*M. M. Butler*, for the defendant.

WELLS, J., orally. — The sale of pressed hay unbranded, is a violation of the statute, and equally so, whether to be visited by a forfeiture of the article or by a pecuniary penalty. The statute though *not in express terms*, yet by unavoidable inference, prohibits every such sale.

This is a suit brought to recover against the defendant for not completing a sale, prohibited by law. Such a suit can never be maintained.        *Nonsuit confirmed.*