WATROUS & SNOUFFER v. BLAIR *et al.*

1. **Contract: TOWN LOTS: STATUTORY PROHIBITION:** Section 1027 of the Revision, imposing a penalty upon any person who shall sell or lease any lot in any town, city or addition thereto, until the plat thereof has been duly acknowledged and recorded, does not operate as a prohibition upon the sale itself, but only imposes a penalty upon the seller, and hence, the purchase of such lot, the plat of which is not recorded, is not rendered invalid by said section.

2. —— **RIGHTS OF VENDEE: ESTOPPEL.** Where parties purchase lots under and as designated in such plat, their rights will not be affected by the failure of the proprietor to have the plat recorded, nor by the fact that he supersedes it by another plat, which is recorded, embracing more territory and changing the lots as originally platted. The rights of the purchasers in such case are vested under the original plat, and they will not be estopped from asserting them by the fact that they interposed no objection to the changes made by the new plat.

3. **Notice: POSSESSION.** Actual possession of real estate by purchasers thereof, is notice to all the world of their rights therein.

*Appeal from Benton District Court.*

WEDNESDAY, JULY 26.

THE plaintiffs filed their petition in the district court of Benton county on the 20th of September, 1869, seeking the specific performance of a parol contract for the conveyance of certain real property in the village of Blairstown, in said county. The substance of the contract alleged is, that the plaintiffs were to take immediate possession of the lots agreed to be sold to them by Blair, and to pay Blair for the same at what they were then worth, and were to receive a deed within a reasonable time, and when "Blair's Addition" to the town in which the lots were situated should be (but was not then) recorded; payment to be made when the deed should be delivered.

It is alleged that, in pursuance of the contract, the plaintiffs took possession of the lots agreed to be conveyed in June, 1863, and erected a valuable building thereon, and have continued in the possession thereof ever since; that subsequently Blair has sold to other parties portions of the lots agreed to be conveyed to the plaintiffs, but that they purchased with notice of plaintiffs' rights. It is also alleged that plaintiffs have repeatedly offered to pay to Blair the reasonable value of the lots, which he has refused to accept, and refuses to convey. The petition also avers that, since the making of said contract, Blair has acquired title to the land agreed to be conveyed, and has platted and recorded the same as Blair's Addition to the town of Blairstown.

The answer of Blair denies the contract set up, etc., admits that plaintiffs took possession of the lands in controversy under some agreement different from his understanding of the same, which he avers to be that the plaintiffs applied to one Pardee, agent of Blair, for permission to erect improvements on the premises in controversy, and that Pardee consented that they might take possession of so much as might be necessary for their purpose, and make improvements, with the understanding that, when the said addition should be laid out and recorded, the plaintiffs should have the right to purchase the lots on which improvements should be made for the reasonable worth of the same when they should purchase, after the addition should be recorded, which understanding Blair avers a willingness to perform.

The cause was tried by the court and a decree rendered for plaintiffs. Blair and wife appeal. The further material facts are stated in the opinion.

*Isaac Cook* and *N. M. Hubbard* for the appellant.

*C. H. Conklin* for the appellees.

MILLER, J.—The record shows that on the 13th of May, 1862, the plat of Blairstown was recorded; that as the plat was originally prepared it included a portion of territory on the north side of the railroad track, running by said town, which Blair, the proprietor of the town, did not then own; and which after waiting some time after the plat was thus prepared he was unable to procure title to; whereupon that portion of the original plat was abandoned and a new plat with that portion omitted was recorded at the time above stated. It is also shown that on January 18, 1867, Blair having acquired the title to said omitted territory, the same was platted and acknowledged by W. W. Walker, Blair's attorney-in-fact, and was on the 21st of January recorded as Blair's Addition to the town of Blairstown. This addition included the lots in controversy. In laying out and platting this addition the blocks and lots were not made to correspond with the lots and blocks as shown on the original plat which included the territory of this addition.

The plaintiffs claim that this original map or plat (including the addition) was shown to them by the agents of Blair as the plat of Blairstown which it purported to be, and that said agents represented to plaintiffs that such plat would be acknowledged and recorded as the plat of Blairstown, and that relying upon these representations they purchased lots one and two in block eight according to such original plat. It is admitted that plaintiffs went upon the premises in dispute with the consent of Blair's agent Pardee, and erected a building thereon, but it is denied by the appellant that they so entered under the agreement claimed by appellees. The first and leading question, therefore, is, whether the plaintiffs have established the contract they seek to enforce. There is some conflict in the testimony, which is voluminous, but upon a careful examination of it we are satisfied that the contract as alleged is fully established by a very decided and satisfac-

tory preponderance of the evidence, a review of which would be neither profitable nor expedient.

It is insisted by appellant that if the contract alleged be established, it is, however, void for two reasons:

1. Because Pardee, with whom it is alleged to have been made, had no authority to make it, the power (from Blair and wife) under which he acted being joint to him and W. W. Walker. Whether this position is correct or not, upon the basis of appellant's argument, it is unnecessary to determine, as the evidence clearly shows that the contract was ratified by Blair himself, who, when Snouffer applied to him personally for a deed to the premises in question, directed Mr. Walker to make the deed as requested, and saying to Snouffer, "you shall have your deed;" and when Walker informed Blair that the plat was not yet recorded, Blair replied, "have it done at once," and promised Snouffer that it should be "done very soon," and that he should have his deed.

2. The second reason urged by appellant's counsel to
1. CONTRACT: avoid the contract is, that it is against the
statutory pro-
hibition.      policy of the law that prohibits the selling of
town lots before the plat is recorded.

The Revision of 1860 provides, section 1027, "that any person or persons who shall dispose of, or offer for sale or lease, for any time, any out-lot, or in-lot in any town or addition or city, or any part thereof, which has been or shall hereafter be laid out, until the plat thereof has been duly acknowledged and recorded as provided, etc., shall forfeit and pay fifty dollars for each and every lot or part of lot sold," etc. This court held, in *Pike* v. *King*, 16 Iowa, 49, that the courts of this State will not enforce an express or implied contract for the sale of property, made on Sunday, where the parties thereto are not embraced in the exceptions expressed in section 4392 of the Revision. These are ferrymen, bridge and toll-gate keepers, those persons who observe the seventh day as the Sabbath, and those

employed in works of necessity and charity. The principle upon which this decision, and others upon the same question is based, is, that a contract made in violation of a statute of the State is void and cannot be enforced by action. This principle is sustained by a large number of authorities, and it is, also, well settled that when the statute imposes a penalty for the doing of a particular act, the act itself is thereby prohibited. *Lyon* v. *Armstrong*, 6 Vt. 219; *Robeson* v. *French*, 12 Metc. (Mass.) 24; *Gregg* v. *Wyman*, 4 Cush. 322; *Patee* v. *Greely*, 13 Metc. 284.

In the case of a contract made on Sunday, it will be observed, that all parties thereto are within the terms of the prohibition of the statute. The act of making the contract is prohibited by the imposition of a penalty upon those engaged therein. Rev., § 4392. But section 1028, upon which appellant's counsel rely, imposes a penalty upon but one of the parties to the contract. The person selling or leasing a lot or part of a lot in a town, etc., before the plat thereof is duly acknowledged and recorded, is alone liable to the penalty imposed by the statute. No penalty is imposed upon or denounced against a purchaser or lessee, nor is he prohibited from buying, nor is the sale as to him declared invalid. It has been held that an official bond executed on Sunday is not void under a Sunday law similar to ours, as to the parties to be protected thereby. *Commonwealth* v. *Kendig*, 2 Penn. St. 448. It is so held because the parties to be protected by the bond were not parties to the act of making it, and hence had not violated the law. So in the case under consideration, there being no penalty denounced against the purchasers, they having violated no law, we should be going beyond any of the adjudicated cases and the principles upon which they are based, if we should hold the contract void as to them.

Appellants urge, in argument, that when the plat of Blair's Addition was made in 1866, and recorded in 1867,

Watrous & Snouffer v. Blair.

the plaintiffs were aware that appellant was so doing, and knew that the blocks, lots, streets, and alleys were laid off 2.——rights of differently from the plat first made of the same vendee: estoppel. territory, and by which the plaintiffs claimed to have purchased; and that they made no objection to this different arrangement at the time, and are, therefore, estopped from claiming the land according to the first plat, which was not recorded.

The contract, as we find it proved, was for certain ground as shown to the plaintiffs upon the first plat. This plat having been exhibited to the plaintiffs by the authorized agents of Blair, representing thereon certain territory laid off in blocks, lots, streets, alleys, etc., when the plaintiffs purchased according to such plat, the defendant could not afterward make a new and different plat so as to prejudice the rights of the plaintiffs. They, by their purchase, acquired their rights according to the plat shown them at the time of their purchase. They acquired the right to have the streets, alleys, blocks, lots, etc., conform to the plat exhibited to them so far as not to prejudice their rights or hinder them in the use of the land purchased by them as contemplated by such plat. *The City of Dubuque* v. *Maloney*, 9 Iowa, 450, and cases cited on page 455. And the plaintiffs are not estopped by their failure to object to the changes made by the new plat actually recorded. Blair is bound by his contract, and is presumed to know its terms and the rights of the plaintiffs under it, and their silence could have no tendency to mislead or injure him.

As to the public and third parties, the plaintiffs were in possession, having erected a warehouse on part of the 3. NOTICE: possession. premises and leased other portions to other parties, who had erected buildings thereon and were holding under the plaintiffs. Such possession and occupancy was notice to the world of the plaintiffs'

rights in the premises.  *Baldwin* v. *Thompson*, 15 Iowa, 505.

Again, as Blair and wife alone appealed, those not appealing cannot make this objection.

The judgment of the district court is

Affirmed.