W. A. WHEATLEY v. THE STATE.

ATTORNEY. *Service on jury.* A person who has license as an attorney, but who does not follow the business of the profession of law as his avocation or calling, is not exempt from serving on the jury.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

S. P. WALKER for Wheatley.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J. delivered the opinion of the court.

Wheatley was regularly summoned to serve on the jury for the criminal court of Shelby county. The record shows he refused to serve and was fined $25 by the criminal judge, from which judgment he has appealed in error to this court.

Wheatley claimed to be exempt from jury service on the ground that he was a practicing attorney, duly licensed.

The facts are that he had been licensed to practice law about ten years before that time, but he had gone into the "real estate agency business" as his regular avocation, that is to say, "renting houses and plantations, buying and selling real estate," etc. He stated in his testimony that he often attended to suits before magistrates in business connected with his office,

such as bringing suit upon rent notes, and for possession of real estate, but only where it grew out of the business of his office as real estate agent. He does not solicit as a lawyer, and the sign for his office is "real estate agent." When such suits as are mentioned above are appealed to the circuit court he does not follow them.

. On these facts the question is whether section 4005 of the Code exempts the party from serving on juries? The language of the section is: "The following persons are exempt from liability to act as jurors; all persons holding office under the laws of the United States, or of this State, all *practicing* attorneys, physicians and clergymen, all acting professors or teachers of any college, school," etc.

We think it beyond question the plaintiff in error is not a practicing attorney. He is an attorney nominally, and so the statute contemplates he may be, and yet subject to jury duty, but is not a practicing attorney, that is a party who follows the business of the profession of the law as his avocation or calling. The avocation of this party is that of a real estate agent, and this business he does solicit, or seek, and by it makes his living. It is not even said by him that he charges fees for attending to the cases incidently growing out of real estate business. Be this as it may, such business is a mere incident to the real estate agency, and what any agent might do as well as an attorney at law, we take it.

The result is the judgment will be affirmed.