TOOTLE, HOSEA & CO. v. TAYLOR ET AL., GARNISHEES.

1. **Practice in Supreme Court**: ABSTRACT CONDEMNED FOR PROLIXITY. The abstract (so called) in this case, being apparently a copy of the whole record instead of an abridgment thereof, is condemned, and barely escapes being stricken from the files.

2. **Contract**: REPUGNANT TO STATUTE: SECOND MORTGAGE ON CHATTELS IS NOT. A second mortgage upon chattels, though made without the consent of the first mortgagee, is not rendered void by section 3895 of the Code, which makes the mortgagor guilty of larceny for disposing of such property without the consent of the mortgagee. The principle of *Watrous v. Blair*, 32 Iowa, 58, and *Pangborn v. Westlake*, 36 Id., 546, followed.

3. **Chattel Mortgage**: GARNISHING CREDITORS: SETTING ASIDE SALE FOR FRAUD. Before a sale of mortgaged chattels, made by the mortgagees, can be set aside for fraud at the instance of garnishing creditors of the mortgagor, the fraud must be established; and the alleged inadequacy of the price at which the goods were sold in this case, when the circumstances are considered, (see opinion,) does not establish fraud.

4. ——: ——: SALE OF CHATTELS IN WRONG COUNTY: RIGHTS OF CREDITORS. Where a chattel mortgage upon goods in Adair county provided that if a sale became necessary thereunder it should take place in Ottumwa, Wapello county, after giving at least ten days' notice thereof by posting up three public notices in said county, but, by subsequent agreement between the mortgagor and mortgagee, it was arranged that the sale should take place in Adair county, and sale was accordingly made in Adair county upon notice given as provided by statute, but no notice was given in Wapello county, *held* that creditors of the mortgagor, who, subsequent to such agreement, garnished the mortgagee, had no better or greater rights in the property or in its proceeds than the mortgagor; that they were bound by his agreement changing the place of sale, and, in the absence of proof of collusion and fraud, they could not have the sale set aside as illegal on account of such change of the place of sale, and want of notice in Wapello county.

*Appeal from Adair Circuit Court.*

THURSDAY, OCTOBER 23.

THE plaintiff procured a judgment against one Harshaw, and caused the defendants to be garnished as his debtors. The answers of the garnishees were controverted by the plaintiff, and there was a trial before a jury. The court directed the

jury to return a verdict for the defendants, which they did, and judgment was rendered thereon. The plaintiffs appeal.

*Gow & Hager,* for appellant.

*Grass & Story* and *Willard & Hopper,* for appellees.

SEEVERS, J.—We have before us in this case what is intended to be an abstract. It contains two hundred and twenty-eight pages of printed matter. The ques-

**1. PRACTICE in supreme court: abstract condemned for prolixity.**

tions propounded to the witnesses and answers thereto are set out in full, and also the arguments of counsel, and what was said by the court in relation to the admission of evidence when objections thereto were made.

Two invoices of the same stock of goods are set out at length, showing all the various articles composing the stock. In addition to this, the writs of attachment and service thereof, and other writings which are wholly immaterial, are set out at length. The total disregard of the rules of this court, shown in the preparation of this supposed abstract, we are enabled to say, is unprecedented and exceptional. Some of us, however, are almost persuaded that the motion of appellees to strike it from the files should be sustained, and the submission set aside, and appellant directed to prepare an abstract as provided by the rules of this court. After much reflection, we have concluded not to do so, but reserving to ourselves the right to disregard our present course as a precedent, should other cases like it come before us, which, however, is not probable. The facts necessary to be stated we understand to be substantially as follows: The garnishees denied being indebted to the judgment debtor, and also denied that they had in their possession or under their control any of his property, rights or credits. One of them, at least, set up the facts under which the garnishees took possession of a stock of goods belonging to the judgment debtor, and proceeded to sell them. Substantially, these facts are that the judgment

debtor executed a mortgage on the goods to one Garner, and subsequently he executed other mortgages to other parties. One of the garnishees purchased the Garner mortgage, and was appointed the agent of the other mortgagees, who had taken possession of the goods under their mortgages. The goods were sold thereunder, and the proceeds applied to the payment of the Garner mortgage and expenses, and the residue in payment of the other mortgages.

I. It is insisted that the garnishees had no right to appropriate the proceeds of the goods to the payment of any of the mortgages other than the one given to Garner.

2. CONTRACT: repugnant to statute: second mortgage on chattels not void. It is claimed that such mortgages are void under the following statute: "If any mortgagor of personal property, while his mortgage of it remains unsatisfied, willfully destroy, conceal, sell, or in any manner dispose of, the property covered by such mortgage, without the consent of the then holder of such mortgage, he shall be deemed guilty of larceny, and be punished accordingly." Code, § 3895.

The argument of counsel for appellant, in substance, is, that "contracts made in violation of law, or upon an illegal consideration, or which have for their object anything which is repugnant to the common law, or contrary to the provisions of the statute, are void." *Marienthal v. Shafer*, 6 Iowa, 223.

It has been held that contracts made on Sunday are void. But the statute so declares. Both parties are within the prohibition; but it will be conceded that the general rule is that, where a penalty is prescribed by statute, prohibition is implied. This, however, is not always the case, and it is proper to ascertain the nature and object of the statute in order to determine whether the penalty imposed was designed to render the contract absolutely void. The statute under consideration was enacted as a protection to the mortgagee, to the end that he could rely with confidence on the sufficiency of his security, and yet stipulate in the mortgage that the pos-

session of the property should be retained by the mortgagor. Therefore, the penalty was imposed on the latter only. A subsequent mortgage or sale of the property is not declared void, for the reason, we may suppose, that the mortgagor has an equity of redemption which he may sell, and, if he may do this, we see no reason why he may not execute a mortgage which will cover such interest.

If the statute is literally construed, he would be liable to the penalty, although he sold the property for the express purpose of paying the debt, if the sale was made without the consent of the mortgagor; and this is true, even if he tendered the money in payment of the debt. Such cannot be the true construction of the statute. Under it, the mortgagor may fully use and control the property, provided he does not impair the security of the mortgagee.

A sale of the equity of redemption, or the execution of a subsequent mortgage, which, in legal contemplation, amounts to the same thing, does not have such effect. This construction of the statute is in accord with *Stafford v. Whitcomb*, 8 Allen, 518. The same principle is recognized in *Emery v. Kempton*, 2 Gray, 257; *Roys v. Johnson*, 7 Id., 162; *Watrous v. Blair*, 32 Iowa, 58, and *Pangborn v. Westlake*, 36 Id., 546.

II. It is argued that the burden to establish the validity of the mortgages executed subsequent to that to Garner was on the defendants. It is sufficient to say that we do not understand that there was any such issue. The pleading filed by appellant, controverting the answers of the garnishees, does not, as we understand, assail the validity of any of the mortgages.

III. It is insisted that the goods were sold at such a grossly inadequate price as to indicate fraud, and that the goods were sold in lots. There is no evidence tending to show that the sale in lots was improper, or that probably a better price would have been obtained if they had been otherwise sold. The sale was

3. CHATTEL mortgage: garnishing creditors: setting aside sale for fraud.

public, and made upon a sufficient notice, as will, for the present, be assumed. The attorneys for the plaintiff and others were present, and there is no evidence which tends to show that any person was deprived of examining each lot of goods as they were offered for sale. Before the sale can be avoided as to the garnishees, or the appropriation of the proceeds made by them set aside at the instance of the plaintiff, fraud or illegality in the proceedings of the mortgagees must be established. The foregoing facts clearly had no tendency to establish either. When possession was taken of the goods by the garnishees, or soon thereafter, an invoice and appraisement were made, and the value then placed on the goods was about seven thousand dollars. Afterwards, but prior to the sale, another appraisement was made, and the value of the same goods fixed at about five thousand dollars, and the same were sold for about two-thirds of the last appraisement, which was made under oath by persons whose good faith and competency is in no manner controverted.

The first appraisement, as we understand, was not made under oath. There is no evidence tending to show that the goods were in fact worth more than the last appraisement, except the first appraisement. While an appraisement is some evidence of value, it cannot be regarded as conclusive. Here there are two appraisements, and, conceding that the goods were worth seven thousand dollars, and the price realized at the sale was about one-half of said amount, the inadequacy is not so great as to authorize the court in setting aside the sale, nor does it tend to prove fraud, under the circumstances. The attorney for the plaintiff was present at the sale, and notified all persons proposing to bid that the sale was illegal, and, in substance, that the purchaser, in addition to the goods, would buy a law-suit.

IV. The goods, at the time the Garner mortgage was executed, were in Adair county, and the mortgage provided, if a sale became necessary, that it should take place in Ottumwa, Wapello county, "after giving at least ten days'

4. ——: ——:
sale of chat-
tels in wrong
county;
rights of cred-
itors.

notice thereof by posting up three public notices in said county." Ottumwa is about one hundred miles from Adair county, and no provision was made in the mortgage in relation to a removal of the goods to Ottumwa prior to the sale.

The mortgagor, prior to the garnishment, in writing authorized the mortgagee or his assigns to sell the goods in the town of Fontanelle, in Adair county, in such manner as the mortgagee or his assigns might deem most advantageous. Notice of the sale was given as provided in § § 3307 to 3311, inclusive, of the Code, but no notice of the sale was in any manner given or published in Wapello county, and the sale was made in Fontanelle, in accordance with the writing executed by the mortgagor. It is insisted that the sale is illegal, because not made in Wapello county, and because notice thereof was not given in such county. The mortgagor is not seeking to invalidate the sale, and between him and the holder of the Garner mortgage it is clearly valid, because it was made as the mortgagor stipulated it should be. The plaintiff is an attaching creditor, and as such is entitled to the rights of the mortgagor, and no more. Unless the assignment under which the goods were sold was fraudulent, or made with such intent, the plaintiff has no just ground of complaint.

The change made in the place of sale was clearly wise, prudent, and ought to have been made, and, instead of having a tendency to show fraud, we think it indicates the utmost good faith, and a desire that the goods should be sold for the highest price attainable.

It is said that the court erred in sustaining objections made to the introduction of evidence. These assignments of errors are not presented in the argument of counsel, and we deem it sufficient to say that in our opinion they are not well taken. We have endeavored to determine the material questions made in the case, and our conclusion is that the judgment of the circuit court must be

AFFIRMED.