Eugene Loranger v. William Jardine.

*Void sales of liquor—Notice to dealer.*

1. Sales of liquor before the dealer has filed his bond or after the purchaser's wife has notified the dealer not to sell to her husband, are absolutely unlawful, and any agreements for such sales are void and the price of the liquor can neither be recovered nor allowed on an account between the dealer and the purchaser.

2. The notice served by a wife upon a liquor-dealer forbidding him to sell to her husband need not be in writing, and in proving it, it is not therefore necessary to give notice to produce the original, even if it was written.

Error to Wayne.    (Jennison, J.)    April 16.—April 29.

Assumpsit.    Defendant brings error.    Reversed.

*E. T. Wood* and *Willis G. Clarke* for appellant.    A penalty implies a prohibition : Benj. on Sales (4th Am. ed.) § 530, 607 ; 2 Chitty on Contracts (11th Am. ed.) 1004 ; *Bartlett v. Vinor* Carth. 252 ; a sale of liquors is illegal and void, either (1) when made unlawful by statute, or (2) when a penalty is inflicted : *Lewis v. Welch* 14 N. H. 294; *Deering v. Chap-*

*man* 22 Me. 488; secondary evidence of the contents of a written notice may be introduced without serving upon the opposite party notice to produce said notice; notice of protest: *Central Bank v. Allen* 16 Me. 41; *Eagle Bank v. Chapin* 3 Pick. 180; *Leavitt v. Simes* 3 N. H. 14; notice to move fences off road: *Morrow v. Commonwealth* 48 Penn. St. 305; notice to quit: *Eisenhart v. Slaymaker* 14 S. & R. 153; notice to commence suit: *Christy's Administrator v. Horne* 24 Mo. 242.

*C. J. Reilly* for appellee.

SHERWOOD, J.   This suit was an action of assumpsit, brought in justice's court for a balance due on account. The plaintiff filed a bill of items containing the account on both sides, and claimed a balance due him from the defendant of $42.80.   Upon the trial the defendant did not appear or plead before the justice, and plaintiff obtained judgment for the amount of his claim.   Defendant appealed to the circuit court for the county of Wayne, when the cause was again tried by the circuit judge, and judgment again rendered for the plaintiff.   Defendant, on the trial at the circuit, contested the plaintiff's account on two grounds : *First,* that several of the items were for intoxicating liquors sold to him after notice from the wife that sales must not be made to the defendant; and *second,* that the plaintiff made the sales of the items mentioned without first having filed the bond and paid the tax required by the statute, permitting him to sell intoxicating liquors.   See How. Stat. §§ 2270, 2271.   It is claimed by defendant's counsel that such sales being prohibited by law, and a penalty therefor given of both fine and imprisonment, any contract made therefor must be held void on the ground of public policy, and therefore plaintiff cannot recover for the contested items.

Under the first section of the statute above referred to, the sale, without vendor files the statutory bond, is declared unlawful, but not, in language, void. I do not think, however, that this section was enacted for the purpose of revenue only, *but for the safety and protection of public morals as well,* and therefore the contract of sale made in violation of

its provisions would be void. Under the second section of
the statute mentioned, the sale to the person designated in
the notice forbidding the same by the wife is made abso-
lutely unlawful, and applies equally to all vendors of intoxi-
cating liquors who receive the notice, whether they have
filed their bonds and paid the tax required by the statute or
not, and a sale made contrary to the provisions of either of
the sections referred to is made a misdemeanor, and punished
by fine and imprisonment, and therefore void. How. Stat.
§ 2275 ; *People v. Roby* 52 Mich. 577 ; *Roby v. West* 4 N.
H. 287 ; *Allen v. Deming* 14 N. H. 133 ; *Lewis v. Welch* id.
294 ; *Deering v. Chapman* 22 Me. 488 ; *Harris v. Runnels*
12 How. 80 ; *Wheeler v. Russell* 17 Mass. 258 ; *Taylor v.
Crowland Gas Co.* 10 Exch. 293 ; 2 Chit. Cont. 1004, and
cases cited ; *Bensley v. Bignold* 5 B. & Ald. 335 ; 2 Benj.
Sales, §§ 818, 825, and cases cited.

On the trial the plaintiff was permitted to prove his account,
containing between thirty and forty items, among which
were six for " drinks." These, and some others under
different names, the defendant proposed to show were for
intoxicating liquors sold to him, and proposed to ask the
witness if he had filed with the treasurer a proper bond.
Counsel for plaintiff objected to this evidence as improper
and immaterial. The circuit judge ruled : " I do not think
the contract made for the sale would be void," and sustained
the plaintiff's objection. The plaintiff then proved by his
own testimony that he was a hotel-keeper, and sold liquors—
beer and whisky—" at retail and by the drink." The defend-
ant then asked him the question, " Have you paid your
license ?" Counsel for plaintiff objected on the ground of
immateriality. The court then remarked : " As this is an
action to recover the value of certain drinks which have been
sold, I suppose the fact, whether he has taken out a license,
comes under the same objection. If he has not, he is amen-
able to the public law. I think I shall have to rule in that
way."

The wife of the defendant was sworn in his behalf, and
gave testimony tending to show that in 1882 she served a

written notice, signed by herself, on the plaintiff, forbidding him to let the defendant have, or sell to him, intoxicating liquors ; and defendant then proposed to prove by her the contents of the notice. Plaintiff's counsel objected to the introduction of the testimony, on the ground that proof of the contents could not be made until notice had been given to plaintiff to produce the original. The court sustained the objection.

At the close of the trial counsel for defendant moved to strike out all the testimony in regard to the items for liquor sold to defendant in the plaintiff's account. The record does not show an objection to this motion. The court, however, denied the defendant's motion. Exceptions were duly taken to these several rulings of the circuit judge.

It appears by the record that the several items in the account which, it is claimed by defendant's counsel, were for intoxicating liquor, all arose after the liquor law of 1881 took effect, and that the notice offered to be proved was a proper one to be given by defendant's wife under the statute, and the statute not requiring such notice to be in writing, the evidence offered upon that subject was proper. The sales of intoxicating liquors to the defendant, if any, after the plaintiff had been forbidden by the wife to let him have any, were void, and the defendant should have been permitted to show the facts. Any sale to the defendant of such liquors by the plaintiff before he had given the bond and paid the tax required by statute, was unlawful,—a misdemeanor. To sustain them would be against public policy, and was therefore void. I think the exceptions by the defendant's counsel were all well taken to the several rulings of the circuit judge, and that the judgment rendered by him in the case should be set aside, and a new trial granted.

The other Justices concurred.