# The Niagara Falls Brewing Company v. James J. Wall.

## *Contract—Sale—Public policy.*

1. A liquor-dealer who has failed to pay the tax and file the bond required by law is not legally in a condition to perform a contract by which he accepts the sole agency for the sale in a certain locality of the beer manufactured by a brewing company, and the company, on ascertaining such inability, may rescind the contract.

2. Where, in such a case, the company makes a sale of beer to another liquor-dealer in violation of the conditions of the contract, and the agent thereupon treats the contract as rescinded, he cannot, in a suit by the company to recover the amount due for beer theretofore ordered, recoup damages for plaintiff's breach of the contract.[1]

Error to Saginaw.   (Gage, J.)   Submitted on briefs October 31, 1893.   Decided December 22, 1893.

*Assumpsit.*   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Tarsney & Wicker,* for appellant.

*Weadock & Purcell,* for plaintiff.

GRANT, J.   On May 7, 1891, defendant wrote plaintiff, requesting the agency of the city of Saginaw and vicinity for the sale of plaintiff's beer.   May 11 plaintiff wrote, accepting defendant's offer, in the following language:

"In regard to your request to give you the agency for our beer for your city and the vicinity, as we are very willing to do so, and not to sell it to anybody else as long as you are handling the same with good advantage, and you promptly fill the agreement to pay for the first car when

---

[1] See *Bagg v. Jerome,* 7 Mich. 145; *Wessels v. Beeman,* 87 Id. 481.

you are ordering the second, and so on. We, on our part, will pay great pains to send to you right along an A No. 1 beer, which will find the full satisfaction of your customers, and so we hope that you will secure and build up a good trade for it."                 •

A similar arrangement had before existed by parol. Plaintiff shipped to defendant beer under the arrangement. This suit is brought for one car-load of beer.

It was conceded that there was due plaintiff $421.95, subject to any recoupment defendant might have. This claim of recoupment is based upon alleged violation of the contract by plaintiff in making one sale of beer to another liquor-dealer in the city of Saginaw. This sale, claimed to be in violation of the contract, was made May 26; the consignment reaching Saginaw on the 28th. Defendant learned of this sale on the same day the goods reached the vendee. He immediately treated the contract as rescinded, and discontinued ordering beer from the plaintiff. Defendant made sales of the beer thus received at various times between May 11 and June 6. From May 1 to June 6 the defendant was engaged in an illegal traffic, for he had not paid the tax nor filed the bond required by the law as a condition precedent to entering into the traffic. There is no evidence that the plaintiff was aware of this fact. Defendant now seeks to recover damages while engaged in a business which was criminal, and for which he was subject for every day in which he was thus engaged to a fine or imprisonment, or both, in the discretion of the court.

It has been held by this Court that a saloon-keeper cannot recover for sales made by him before he has paid his tax and filed his bond. *Loranger v. Jardine*, 56 Mich. 518. It was there held that the liquor law was not enacted for the purpose of revenue only, but for the safety and protection of public morals as well; and that a contract or sale made in violation of it was void. The same was held in *Deering v. Chapman*, 22 Me. 488.

It is insisted, however, by the defendant that he might legally buy, though he could not legally sell. The case is not one where a party has bought intending to make legal sales, and to store and keep the liquor until he has obtained the legal right to sell. Defendant was actually engaged in the illegal business, and sold the most of the liquor while he was thus engaged. While thus violating the law, public policy will not permit him to defend against a legal purchase made while he was engaged in illegal sales. He was not legally in condition to perform his contract with the plaintiff until he had paid his tax and filed his bond. This he did not do before the alleged violation of the contract by plaintiff, and he had treated it as rescinded in consequence of the violation. The plaintiff might legally have rescinded the contract upon ascertaining that the defendant had not complied with the law, and therefore had no right to make sales of the goods purchased from it.

The court was correct in directing a verdict for the plaintiff.

Judgment affirmed.

The other Justices concurred.