SLOMAN v. BENDER.

1. PARTNERSHIP—NAME—ATTORNEY AND CLIENT—ACTIONS.
   Attorneys associated as copartners are required, under Act No. 164, Pub. Acts 1913, to file a certificate showing the members of the copartnership, their address, and the partnership name; failure to comply with the statute is a sufficient ground to deny recovery in an action of assumpsit upon an assigned account or claim.

2. SAME—BUSINESS OR PROFESSION.
   Interpreting the provisions of said act, the language "carrying on any business as copartners," includes the profession or practice of law.

3. SAME.
> When the law prescribes a method for determining the existence of qualifications for a specified calling, and in compliance therewith one who has been found qualified is vested with authority to follow the calling which is otherwise forbidden to him, he becomes subject to legislative regulation, as are other citizens engaged in legitimate pursuits; and the legislature is vested with authority to control the practice of law, as in other business or professional relations, by classifying copartnerships with other pursuits or lines of business. In the absence of any exception in the act no ground for excluding a copartnership of attorneys is to be found. Act No. 164, Pub. Acts 1913 and Act No. 101, Pub. Acts 1907.

Error to Wayne; Lamb, J., presiding. Submitted October 12, 1915. (Docket No. 47.) Decided December 21, 1915. Rehearing denied April 21, 1916.

Assumpsit by Adolph Sloman and another, as copartners in the name of Sloman & Sloman, against Frederick Bender on open account. Judgment for defendant on a directed verdict. Plaintiffs bring error. Affirmed.

*Leon H. Hamberger* (*Adolph Sloman* and *Edmund M. Sloman,* of counsel), for appellants.

*George P. Palmer,* for appellee.

STEERE, J. This action was brought in the circuit court of Wayne county by plaintiffs, as copartners, to recover from defendant the balance claimed due upon an open account originally owing by the latter to C. H. Ritter & Co. The declaration is upon the common counts in assumpsit, with an added postscript notice that upon the trial plaintiffs would "give in evidence a certain assignment of account, a copy of which is given below." The copy is as follows:

"For value received, we hereby sell and assign to Sloman & Sloman our account and claim against Fred-

erick Bender, of Detroit, Michigan, and authorize them
to enforce collection as fully as we might or could do,
but at their expense.

[Signed]            "C. H. RITTER & Co.,
                "By ANTHONY BODDE, Treas.
"May 25, 1908."

The declaration is not dated, nor its date of filing
given in the printed record, as required by rule 35 of
this court, but plaintiffs' counsel stated during the
trial that the case was "started in December, 1913,"
while defendant's brief states, "The suit against Ben-
der was commenced by summons on December 16,
1913," which, being undisputed, we assume correctly
discloses when the action was begun.

Defendant pleaded the general issue with special no-
tice of the defenses that recovery was barred by the
statute of limitations, and that plaintiffs, havng sued
as copartners, were precluded from prosecuting said
action by reason of failure to file with the county clerk
a certificate stating who comprised said copartnership,
in compliance with the requirements of either Act No.
101, Pub. Acts 1907, or Act No. 164, Pub. Acts 1913.
Upon the trial, held May 10, 1915, objection was in-
terposed by defendant to any proof in substantiation
of a claim which had accrued to C. H. Ritter & Co., on
the ground that plaintiffs had not declared as as-
signees, but personally under the common counts. A
motion for leave to amend the declaration to meet this
alleged defect was granted against defendant's objec-
tion.

In the trial court it was shown by undisputed evi-
dence, or conceded as true, that the account in question
became an account stated in favor of C. H. Ritter &
Co. on May 18, 1907, defendant having made his last
payment upon the same on that date; that an invol-
untary petition in bankruptcy was filed against him
by Ritter & Co. and others, as petitioning creditors,

on May 29, 1907, and that he was adjudicated a bankrupt in the United States bankruptcy court on June 14, 1907; that the claim in question, then amounting to $1,667.75, was duly proved in that proceeding and allowed by the referee in bankruptcy, and two dividends, amounting to $542.08, were paid Ritter & Co. upon said claim out of the bankrupt's estate on or before December 30, 1907; that on October 19, 1908, the United States District Court of the Eastern District of Michigan denied defendant's petition for discharge in bankruptcy, plaintiffs, as counsel for Ritter & Co., having opposed the same, and that, on May 25, 1908, the account in question was assigned to them for their professional services in that connection; that plaintiffs were attorneys at law engaged exclusively in the practice of their profession and had not filed in the office of the county clerk any certificate of copartnership in compliance with either of the acts urged by defendant as a prerequisite to commencing this action.

Defendant's counsel urged in the court below and argues in his brief that plaintiffs ought not to recover, because the account was barred by the statute of limitations; that, not having declared as assignees, but personally, proof of the assigned account from Ritter & Co. was inadmissible under the declaration, and to permit an amendment was to introduce a new cause of action otherwise barred by the statute of limitations, and for the further reason that they had failed to observe the requirements of either of the statutes relative to filing a certificate of copartnership.

At conclusion of the testimony, after hearing argument, the court held that, as plaintiffs had concededly not complied with the requirements of either of the acts touching the duty of copartners to make the names of those constituting the firm a matter of public record, they were not in a position to maintain their action, and directed a verdict for defendant.

Counsel for appellants say in their brief:

"Concisely stated, the only proposition involved in the appeal is: Is the practice of the law a profession or a business?"

We are impressed that it is both. The courts, in discussing questions involving the practice of law, so designate it, and plaintiffs' pleadings and proofs tend to confirm this view. A member of the firm testified that "for a period of ten years preceding the trial they were engaged in the practice of law," and "that they were not during said period, as copartners, engaged in any other business;" while the first paragraph of their declaration states that:

"Adolph Sloman and Edmund M. Sloman, copartners, doing *business* as Sloman & Sloman, plaintiffs herein, by Sloman & Sloman, their attorneys, complain of Frederick Bender, defendant herein, of a plea of trespass on the case upon promises, he having been heretofore duly summoned."

In *Wheatley* v. *State*, 79 Tenn. 262, a statute exempting practicing attorneys from jury duty was held not to include all members of the bar licensed and legally qualified to practice law, but only "a party who follows the *business* of the profession of law as his avocation or calling."

In *Breckenridge* v. *Shrieve*, 4 Dana (34 Ky.), 375, the practice of law is also recognized as a "business," with a limitation not always recognized, the court saying that "the borrowing of money is no part of the professional business of an attorney and counselor, or of a firm associated for the pursuit of that business," for which reason it was held that one member of a law firm was not, under the circumstances disclosed, bound by his copartner's activities as a borrower in the name of the firm.

The general definition of "business" is:

"That which occupies the time, attention, and labor of men for the purpose of livelihood or profit." Black's Law Dictionary.

See, also, 6 Cyc. p. 259.

Nothing in the act suggests its limitation to those capitalized copartnerships organized for trade, manufacturing, or commerce, to the exemption of that numerous class of nontrading partnerships in occupation or employment, the capital of which consists chiefly of especial skill, experience, and learning in a particular calling. In this age of general education and applied science the old classification limiting the so-designated learned professions to divinity, law, and medicine has largely lost its significance. Many other pursuits and professions now demand equal educational attainments and mentality, with equal years of rigid preparatory training to successfully follow them.

"There is nothing particularly sacred in the profession or business of a lawyer which puts him above the legislative power to place on his shoulders his just share of the necessary burdens of the State." *Cousins v. State,* 50 Ala. 113 (20 Am. Rep. 290).

While recognized as a responsible and necessary officer of the court in the conduct of its business, exercising by legislative authority a privilege or franchise in that particular, he is not a public officer in the constitutional or statutory sense of that term.

It is true, as pointed out in appellants' brief, that "a layman may not practice law," while a member of the bar who has once successfully passed his examinations and been admitted to practice as an attorney at law is entitled to follow that profession thereafter, unless disbarred for good cause, but that empty honor affords him few privileges and scant emoluments, unless he industrializes it by engaging in the business of practic-

ing his profession for a livelihood or profit, either alone or in combination with others. The fact that he is entered upon the attorney rolls as a member of the bar furnishes no information as to any partnership combinations he may form, and the reiterated purpose of the two acts in question is to make such information as to all copartnerships carrying on any business a matter of public record, certain and readily available for those having occasion to do business with them. The two acts are along the same lines. After the first act had been construed as denying the right of. those doing business under fictitious names to enforce their contracts when they had not complied with its requirements, the legislature, without repealing the first statute, enacted Act No. 164, Pub. Acts 1913, requiring the filing of certificates of partnership, signed by each partner, with his address, for the purpose, as stated in the title, of fixing the liability of the copartners, and imposed that prerequisite without qualification as to the kind of copartnership upon any two or more persons engaged in "carrying on any business as copartners."

That the act does not by express language or by implication except attorneys from its provisions is clear. It is unquestionably within the power of the legislative department of the government to include them. While their duties are of such a character and such importance to the public that a standard of qualification is required, and the legislature has delegated to this court with its auxiliary board of law examiners the duty of examination and determination, the matter of regulating the admission of persons to practice law is primarily the subject of legislative control and action. The courts have no more common-law power in that particular than they have over any other pursuit for which special qualifications or a license may be imposed by

law. When the law requires and prescribes a method for determining the existence of qualifications for a specified calling, and in compliance with such method one found qualified is invested with general authority to follow such calling which is otherwise forbidden him, while engaged in it he is subject to legislative regulation in reference to it in like manner as other citizens are in reference to other legitimate pursuits in which they are engaged. It is for the legislature, not for the courts, to say whether there should be any classification of copartnerships, or exceptions to the provisions of such statute. None is expressed or implied in the acts under consideration.

As the other questions raised by defendant are not involved in appellants' assignments of error and do not, under the conclusions reached upon the question reviewed, become essential to a final determination of the case, it is not deemed necessary or proper to pass upon them here.

The judgment is affirmed.

BROOKE, C. J., and PERSON, KUHN, STONE, OS-
TRANDER, BIRD, and MOORE, JJ., concurred.