## James M. Deering *versus* Robert Chapman.

When part of the consideration of a promissory note is illegal, the whole note is void.

If a part of the consideration of a note be spirituous liquors, sold by the payee in less quantities than twenty-eight gallons, without license therefor, in violation of the statute, such note is wholly void.

And where partial payments have been made, less than the amount charged for ardent spirits, thus sold without license, and a note has been given for the balance of the account, it will nevertheless be entirely void.

This action was assumpsit on a note given by Isaac Chapman and the defendant to the plaintiff, January 5, 1839, for $39,44. The facts were agreed, from which it appears, that the plaintiff had an account against Isaac Chapman, amounting to $51,44, the first item being under date of Nov. 28, 1838, and the last Jan. 2, 1839. There were credits of cash, Nov. 30, 1838, $5,00; Dec. 3, $5,00; and Dec. 19, $2,00. The note was given on the day of its date for the balance. A part of the charges in this account, amounting to $27,66, was for spirituous liquors sold in the town of Saco by the plaintiff to Isaac Chapman, in less quantities than twenty-eight gallons, for the purpose of being sold out in small quantities in that town. At the times when the articles were sold and delivered, the plaintiff had no license authorizing him to sell spirituous liquors.

If in the opinion of the Court, the action could not be sustained for the whole or some part of the note in suit, judgment was to be entered for the defendant; and if it could, judgment was to be rendered for the plaintiff, for such sum as the Court should adjudge he was entitled to recover.

*W. P. Haines,* for the plaintiff, contended that the Stat. 1834, c. 141, ought not to be extended by construction; and that it would seem reasonable to suppose, that inasmuch as the

legislature has provided remedies in the act itself for any viola-
tion of the provisions of the act, that no further consequences
should follow.   This view is confirmed by the fact, that in
other statutes, where it was intended to avoid securities, &c.
they are made void by the acts themselves.   In the English
statute relative to the sale of spirituous liquors, 24 Geo. 2, c.
40, notes, &c. are expressly made void.   By our statute it is
not so, and it forms a good reason for believing, that the legis-
lature did not intend to attach such consequences to securities
given for liquors.

But however it may be in reference to that part of the note
given for liquors, it would seem that the decisions are clear,
that if the legal can be separated from the illegal part of the
consideration of a note, that judgment will be given for amount
of the legal part.   Even in England, where such notes are ex-
pressly made void by statute, the legal part of the consideration
may be recovered, if it can be distinguished.   *Crookshank* v.
*Rose*, 5 Car. & P. 21 ; *Gilpin* v. *Rendle*, Selw. N. P. 61 ;
*Dawson* v. *Remnant*, 6 Esp. R. 24 ; *Spencer* v. *Smith*, 3
Campb. 9.   This question has been decided, directly, in Penn-
sylvania.   *Yundt* v. *Roberts*, 5 S. & Rawle, 139.   The credits
should be deducted from the amount of spirits, and that bal-
ance from the whole sum.   This would leave $23,95, for mer-
chandize; and for this sum and interest we ought to have
judgment.

The case shows, that the liquors were bought to be sold
again ; and courts have held, that in such cases, even the act
of 24 Geo. 2, c. 40, did not apply.   Peake's N. P. R. 181.

There is no privity between the plaintiff and defendant in
relation to the consideration.   The goods were sold to Isaac
Chapman, and the defendant cannot come into Court and in-
sist on the defence set up here.

*Hayes & Nye* argued for the defendant in support of these
positions.   .

1. The St. 1831, c. 141, forbids the sale of spirituous liquors
without license, in such quantities as were here sold, under a

severe penalty. The note is void so far as it had for its con-
sideration the spirituous liquors sold in such illegal manner.
It is well settled that a contract made in violation of any stat-
ute provision is illegal and void; and that a security given in
pursuance of it, or to carry it into effect, is illegal and void
also. Nor can the price of goods sold in violation of a statute
be recovered. Chitty on Con. (5 Am. Ed.) 417, 427; Met-
calf on Con. in Am. Jurist, No. 43, 44, 45; *Hunt* v. *Knick-
erbocker*, 5 Johns. R. 327; *Greenough* v. *Balch*, 7 Greenl.
462; *Wheeler* v. *Russel*, 17 Mass. R. 258. It can make no
difference, whether a statute prohibits a contract expressly, or
only impliedly by the infliction of a penalty. 5 B. & Cr. 406;
*Kepner* v. *Kelfer*, 6 Watts, 231; *Wright* v. *Geer*, 1 Root,
474; 1 Taunt. 136; Chitty on Con. (5 Am. Ed.) 419, 422,
694, 696; Carth. 252; *Mitchell* v. *Smith*, 4 Dall. 269; *Roby*
v. *West*, 4 N. H. R. 287; 2 Kent, (4th Ed.) 466.

2. The partial illegality of the consideration of the note in
suit, vitiates the whole note, and renders it entirely void.
There is a distinction to be observed between a want, or fail-
ure, and illegality of consideration. Want or failure of con-
sideration in part can effect a promise only *pro tanto*. *Parish*
v. *Stone*, 14 Pick. 198. Partial illegality destoys it entirely.
Metcalf on Con. before cited; Chitty on Con. (5 Am. Ed.)
692, 693, 694; Com. Dig. Assumpsit, B. 13; *Bliss* v. *Negus*,
8 Mass. R. 51; *Greenough* v. *Balch*, 7 Greenl. 461; 1 Chip-
man, 137; 6 N. H. R. 225; 2 B. & P. 377; 1 Kent, (4 Ed.)
467; 2 Stark. Ev. (6th Ed.) 50, and note. The consideration
of the note was entire, and cannot be separated. It was not
given for the legal charges, but for the balance of all the
charges. Cro. Eliz. 199; 3 Taunt. 226; 1 T. R. 359;
*Greenough* v. *Balch*, 7 Greenl. 462; 2 Kent, 467.

3. Whether the consideration of the promise be entire or
not, the promise itself indisputably is; and if any part of an
entire promise be illegal, the whole promise is void. Chitty
on Con. 692, 693; 11 East, 502; 7 T. R. 200; 2 Vent. 223;
8 Johns. R. 253; *Loomis* v. *Newhall*, 15 Pick. 167.

Decisions upon the Stat. of Geo. 2, c. 40, are not applicable

to the present case, since that statute did not make the sale of spirituous liquors illegal, either by an express prohibition or a penalty, but only prevented the seller from maintaining an action for the price thereof.    Chitty on Con. 755.

If any portion of the note can be recovered, it should be merely for the small balance remaining after deducting the credits from the amount of the legal charges.    No appropriation has been made by the parties, and the law will appropriate the credits first in payment of the legal charges.    *Hilton* v. *Burley,* 2 N. H. R. 196 ;  *Greenough* v. *Balch,* 7 Greenl. 463.    If this rule is not adopted, the credits should go in payment of the first items of charge.

The opinion of the Court was drawn up by

Whitman C. J. — The note declared on was signed by the defendant as surety, it would seem, with Isaac Chapman, who must have been the principal debtor.   Payment is resisted upon the ground, that a part of the consideration for the note was ardent spirits, sold by the plaintiff, a retailer, without license therefor, to said Isaac in violation of the statute, which prohibits such selling in less quantities than twenty-eight gallons at one time.   The authorities cited by the defendant's counsel are numerous, and fully establish the general principle, that all contracts, made in violation of law, are nugatory ; and that if a note of hand be founded, even in part, upon such consideration, it is void *in toto.*   The counsel for the plaintiff, nevertheless, contests the principle, and cites the case of *Yundt* v. *Roberts,* 5 Serg. & Raw. 139, as laying down the law differently.    Mr. Justice Duncan, in that case, is reported to have said, " that a note may consist of many items ; be composed of many contracts ; and, though they are blended in the note, they are divisible in their nature ; if part of the contract arises on a good, and part on a bad consideration, they are divisible ; the legal contract remains, and the party has a right to maintain his action for so much of his demand as is legal."   This language of the learned Judge, it would seem, must have been used with reference to a contract or note of hand, the consid-

eration for a part of which had failed, as being merely void, and not in violation of law; for he afterwards says, " if the contract is entire, and founded on two considerations, one of which is unlawful, that vitiates the whole." And surely a note of hand is an entire contract. This case, then, cannot be considered to be clearly opposed to the general principle before named.

The counsel for the plaintiff, also cites the case of *Dawson* v. *Remnant*, 6 Esp. cases, 24, which, he contends, shows an exception to the general principle. It is, that, where mutual accounts have existed between parties, and a settlement has taken place, and a balance has been struck, it will be obligatory, though some of the items might have arisen from sales made in violation of law. And Mr. Justice Duncan, in his opinion, may be believed to have had such a principle in his mind, as he has, in the course of it remarked, that, " it would be unreasonable to say, that where a note is given on a final settlement of accounts, for a balance, if one item of the account, consisting of a tavern debt, exceeded twenty shillings, the whole should be void." The case of *Dawson* v. *Remnant*, was one in which the parties had cross demands, which they settled, and a balance was agreed upon. Though part of the items in the settlement was for liquors sold contrary to law, so that an action could not have been sustained for the value thereof; yet it was held, that the defendant was concluded by the settlement, and bound to pay the balance. And Stephens, in his law of Nisi Prius, a late work, citing the above case, recognizes the supposed exception, as being the settled law, in these words; " Where parties, having cross demands, settle and balance their accounts, it is no defence to an action brought for the balance, that a great part of the amount was for spirit-uous liquors delivered in quantities under twenty shillings in value ;" yet a debt so arising in England, aside from such settlement, so far as it respected the charges for such liquors, would not be recoverable, except under certain circumstances, not necessary to be named in reference to this case. It must be admitted that if a balance, so ascertained and struck,

Deering *v.* Chapman.

could be recovered, that a note of hand would be good for it; and the note of hand in this case grew out of such a settlement. The plaintiff had, from time to time, for a considerable period, supplied Isaac Chapman with liquors, and other goods, from his store. The latter had made payments, occasionally, of sundry sums of money on account generally. A settlement finally took place between them; and, the balance being ascertained, and agreed upon, the note in suit was given for it.

The plaintiff would here contend, that this case is precisely parallel with that of *Dawson* v. *Remnant*. If it be so at all points, that case must be admitted to be an authority of no inconsiderable weight in his favor. If the statutes of England and of this State, were precisely similar, it might be difficult to distinguish the one case from the other. The English statute is, however, that if spirits be sold, at one and the same time, in quantities of a value less than twenty shillings, the seller shall not recover for the value of them. But no penalty is annexed to the act of selling; nor is there any direct prohibition against it. If liquors were sold there in small quantities, and paid for at the time, it would be no breach of law. Under such circumstances the Court might hold, that a settlement of mutual accounts, although in part for spirituous liquors, should be conclusive; when if the selling were prohibited, and a penalty inflicted for a breach of the law, they would hold that public policy required of the Court the disregard of a settlement, which would otherwise contravene the intention of the law makers.

Our statute makes selling without license highly penal. In such case a door would be open to an evasion of it, if we were to admit the settlement to be a shield against one of the consequences ordinarily attaching to an act done in violation of a penal statute. It would be difficult to distinguish such a case from any other violation of a statute law, whether against acts *malum prohibitum* or *malum in se*. We are, therefore, brought to the conclusion, on the whole, that the plaintiff must become nonsuit.