STATE OF MAINE *vs.* NEAL McCAFFERTY.

*R. S., c.* 27, §§ 22, 34.   *Intoxicating liquor.   Jury.   Evidence.*

Whether or not hop beer is intoxicating is a question of fact for the jury.

If an officer returns upon a warrant that he has seized liquors and arrested the custodian of them by virtue of that process, the respondent is thereby precluded from claiming that the search of his premises was without warrant, or that the proceedings should be exclusively *in rem* against the liquors.

The jury were allowed to take with them to their room a bottle containing a liquid called ale which, though no part of the liquors seized, was manufactured and sold by the same person under the same name; *held,* that there was no legal objection to this course, the jury having been instructed not to consider the qualities of the contents of the bottle, unless satisfied from the evidence that its character was the same as that of the liquors seized.

ON EXCEPTIONS to the ruling of the justice of the superior court.

SEARCH AND SEIZURE process upon which certain liquors were returned as taken, and McCafferty arrested. It was brought before the superior court by appeal from the municipal court of Portland. The liquors were at first taken without any warrant, but one was subsequently obtained reciting "that the complainant believes that intoxicating liquors were therein kept by the defendant for unlawful sale," but not stating that there was probable cause for this belief. The officer serving the warrant returned that he had seized this liquor and arrested the respondent by virtue of it. The justice presiding at the trial was requested to instruct the jury that, "if the defendant purchased the liquor which was seized for hop beer, the cask containing it being so marked, and sold it as such, having no knowledge of its being any thing different, there was no intentional violation of law; that the search of the defendant's premises was made without a warrant and was therefore unlawful, and the whole proceedings void; that in case of liquors originally seized without a warrant, the precept,

when obtained, should run against the thing seized, and not against any person. These instructions were refused and the respondent excepted to the refusal, as well as to the jury being permitted to take with them to their room "a quart bottle of what was called ale," which was no part of the liquors seized but manufactured and sold by the same person under the same name. The jury were told, however, not to consider the qualities of, the liquor produced, unless they found from the evidence in the case that it was the same kind as that seized.

*John ·H. Williams,* for the respondent.

*Charles F. Libby,* county attorney, for the State.

DICKERSON, J.   The first requested instruction assumes that hop beer is not intoxicating, a fact to be found by the jury.   The points raised in the second and third requested instructions are not open to the respondent, since the case shows that "the officer served the warrant and made return thereon of the seizure, and arrested the defendant."

The leave granted to the jury by the court to take to their room a bottle of the liquor introduced in evidence, not as the liquor seized, but as liquor manufactured and sold by the same person under the same name as the liquor seized, was unobjectionable, coupled with the instruction to the jury not to consider the qualities of such liquor unless they should find from the evidence in the case, that it was the same kind as that seized.

*Exceptions overruled.*

APPLETON C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.