# Taylor v. The State.

*Indictment for Assault and Battery.*

1. *Assault and battery; verdict of jury and judgment.*—Where, on a trial under an indictment for an assault and battery, the jury returned the following verdict: "We, the jury, find the defendant guilty, and assess a fine of ten dollars, and sentence to the county for thirty days labor," the imposition of such punishment to hard labor is a mere surplusage, not rendering the verdict void—the jury having no authority by their verdict to impose hard labor upon the defendant; and such verdict is valid, and sufficient to support a judgment of conviction and sentence by the court of the defendant to hard labor for the legal period to pay the fine and costs.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. WILLIAM S. ANDERSON.

The facts of the case are sufficiently stated in the opinion.

CHAS. L. BROMBERG, JR., for appellant.—The jury had a discretion to say whether defendant should be punished by fine or in some other manner only.—Code of 1886, § 4500; *Bibb v. State*, 84 Ala. 13. The verdict of the jury failed to show what they intended should be the exercise of that discretion, viz., by fine or punishment in some other manner, and therefore will and can not support a legal sentence.—*Zaner v. State*, 90 Ala. 654; *Dover v. State*, 75 Ala. 40; *Clay v. State*, 43 Ala. 353.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was tried upon an indictment charging him with having committed the offense of an assault and battery. The jury returned the following verdict : "We, the jury, find the defendant guilty, and assess a fine of ten dollars, and sentence to the county for thirty days' labor." The defendant not having paid the fine and the cost of prosecution, nor confessed judgment for the same as provided by statute, the court sentenced the defendant to hard labor for the county for the legal period to pay said fine and cost, but imposed no additional punishment. The appellant contends that the verdict of the jury was void, and can not support the judgment of the court. The question is before us by virtue of a writ of error. The statutes bearing upon the question are as follows :

"3747. *Punishment of assaults and assaults and batteries.*—Any person who commits an assault, or an assault and battery on another must, on conviction, be fined not more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."

"4494. *Punishment ; when fixed by the court.*—When an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred upon the jury."

"4500. *When jury need not impose fine, but leave punishment to court.*—When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine, if, in their judgment, the defendant should only be punished in some other mode, but may, in such case, only find him guilty, and leave the imposition of the punishment to the court."

It is evident that the jury had no authority by their verdict to impose hard labor upon the defendant, but only a fine. The question is, whether the fact that the jury undertook to add hard labor to the fine, rendered the entire verdict void, or is it void only as to that part which the law did not authorize. We are of opinion the addition "of hard labor for the county" was merely surplusage, not affecting the validity of the verdict. By the statute (Code of 1886, § 4499), the jury were authorized to assess a fine. Under section 4500, *supra*, the

jury are not *required* to impose a fine, "if, in their judg-
ment, the defendant should only be punished in some
other mode." The argument of appellant's counsel is,
"that the jury had a discretion to say whether defend-
ant should be punished by fine, or in some other manner
only ; and that the verdict fails to show whether the jury
intended the defendant should be punished by fine, or in
some other manner only." Whether the verdict be con-
sidered in its entirety, or only that part of it the jury
was authorized to render, there can be no doubt that it
intended to impose a fine of ten dollars. There is no
uncertainty in this respect. This the jury had the au-
thority to impose. The fact that the jury attempted to
impose an additional punishment in no way tends to
render uncertain a purpose to impose the fine, so explic-
itly and definitely expressed in their verdict.

Affirmed.