# Phillips  v. The State.

### Retailing Liquor Without License.

#### (Decided June 30, 1908.  47 South. 145.)

1. *Evidence; Demonstrative Evidence; Bottles.*—In the absence of a proposal that the jury take the bottle out to the jury room to be smelled or drunk or tasted, it was not error to permit the bottle to be exhibited as evidence, nor was it improper to permit the jury to take said bottle with them into the jury room.

2. *Appeal; Objection; Necessity for.*—Where the record shows that defendant excepted to a remark of the solicitor requesting the court to take a certain witness into custody and to detain him, but the record does not show whether the court sustained or overruled the objection, although the record states that the court did not order the witness taken into custody, a sufficient objection is not shown to present anything relative thereto for the review of this court.

3. *Intoxicating Liquors; Sale; Agent; Offense.*—One acting as the agent of the purchaser in procuring an unlawful sale of liquor is liable to conviction under the express provisions of General Acts 1907, p. 356.

4. *Charge of Court; Reasonable Doubt of Juror.*—A charge asserting that if one of the jury have a reasonable doubt of the defendant's guilt, the defendant could not be convicted, is a proper charge, and its refusal error.

5. *Same; Applicability to Case.*—A charge not presenting any proposition of law applicable to the evidence in the case is properly refused.

6. *Costs; Sentence For; Amount per Diem.*—Where defendant is sentenced to hard labor to pay costs in criminal convictions the per diem allowance should be 40 cents per day since the passage of the act of 1907.  (General Acts, Special Session 1907, p. 183.)

APPEAL from Randolph Circuit Court.

. Heard before Hon. S. L. BREWER.

Bill Phillips was convicted of retailing liquors without a license, and appeals.   Reversed and remanded.

The facts are sufficiently stated in the opinion of the court.   The following charges were requested by defendant, and refused:  "(1) I charge you, gentlemen of the jury, that if the defendant, Bill Phillips, was acting

[Phillips v. The State.]

as the agent of the purchaser in buying the whisky in question, you will acquit him. (2) I charge you, gentlemen of the jury, that if you believe from the evidence that the witness L. V. Wright left the money with the defendant for the purpose of buying the whisky in question, and that the defendant acted only as the agent of the purchaser, L. V. Wright, you will acquit the defendant. (3) I charge you, gentlemen of the jury, that if the whisky in question was purchased by John McFarland and delivered to the defendant you will acquit the defendant. (4) I charge you, gentlemen of the jury, that if you believe from the evidence that if the witness L. V. Wright left the 25 cents with defendant, and that defendant gave the said 25 cents to the witness John McFarland for the purpose of buying the whisky, and that defendant had no interest in the sale, then defendant would only be the agent of the purchaser, and defendant would not be guilty. (5) I charge you, gentlemen of the jury, that if one of your number have a reasonable doubt of defendant's guilt you cannot convict defendant. (6) I charge you, gentlemen of the jury, that if you believe from all the evidence in the case that defendant acted as the agent of Wright in procuring the whisky you will find defendant not guilty. (7) I charge you, gentlemen of the jury, that you must believe beyond all reasonable doubt that defendant sold the whisky in evidence before you to the witness Wright, else you must acquit the defendant. (8) I charge you, gentlemen of the jury, that you cannot smell or taste of the contents of the bottle in evidence before you after retiring to the jury room to consider this case. (9) I charge you, gentlemen of the jury, that if you believe from the evidence that L. V. Wright left the money with Bill Phillips, and the whisky was bought from a negro on the railroad, you will find the defendant not

guilty. (10) I charge you, gentlemen of the jury, that if you believe from the evidence that Bill Phillips did not sell the whisky to L. V. Wright you caunot convict the defendant." In passing sentence upon defendant for costs, the court entered judgment requiring defendant to work out the costs at the rate of 30 cents per day until the same was paid.

HOOTEN & OVERTON, for appellant. The court erred in permitting the introduction of the bottle and its contents in evidence.—*Wadsworth v. Dunham*, 117 Ala. 661; 1 Green1 on Evid. (16th Ed.) 31; 161 Mass. 61. The court erred in refusing charge 5.—*Brown v. The State*, 118 Ala. 111. On the authorities above cited the court should have given charge 8. The court erred in sentencing the defendant to hard labor at 30 cents per day. Acts 1907, (Special Session) p. 182.

ALEXANDER M. GARBER, Attorney-General, for the State. The bottle containing the whisky was properly admitted in evidence.—*Wadsworth v. Dunham*, 117 Ala. 661. Nor was there error in permitting the bottle to go to the jury room, the presumption being that the jury followed the law.—*Gayle v. Commissioners Court*, 46 South. 26. The charge of the court was proper.—General Acts 1907, p. 366.

SIMPSON, J.—The appellant was convicted, under an indictment charging that he "sold spirituous, vinous, or malt liquors without a license, contrary to law." The bottle and its contents were offered in evidence, and admitted over the objection of the defendant. There is no intimation in the record, at this point, that there was any proposal for the jury to take the bottle out, in their retirement, "to be smelled or drunk or

tasted."—*Wadsworth v. Dunnam*, 117 Ala. 661, 668, 23 Sounth. 699.    There was no error in permitting the bottle to be exhibited in the presence of the court.

The record shows that at the close of the testimony of McFarland, a witness, the solicitor requested the court to order the sheriff to take charge of said witness and require him to make bond. It does not show why he wished him taken into custody, and merely states that the defendant excepted to the remark, and does not show whether the court sustained or overruled the exception, but goes on to state that the court did not order the sheriff to take charge of said witness. No error is shown in this.

Subsequently the defendant moved the court not to allow the jury to take the bottle, before referred to, into the jury room with them, which motion the court overruled, and permitted the jury to carry the bottle with them. There was no error in this action of the court. It is proper for the jury to take with them into the jury room the instruments of evidence produced before them. In the case of *Wadsworth v. Dunnam*, 117 Ala. 661, 668, 23 South. 699, the bottles which were sought to be sent out with the jury were not bottles which had been in evidence, but bottles which were supposed to contain the same kind of cordial as that which had been sold. Besides, they were sought to be sent with the jury for the specific purpose of being "smelled, or drunk, or tasted."

Charges 1, 2, 3, 4, 6, 7, 9, and 10, requested by the defendant, were based on the idea that the defendant could not be convicted if he had acted as the agent of the purchaser in procuring the whisky. The act approved March 12, 1907, makes the defendant liable under such circumstances. Acts 1907, p. 366.

Charge 5, requested by the defendant, should have been given.—*Hale v. State,* 122 Ala. 85, 26 South. 236; *Phillips v. State* in M. S.

Charge 8, requested by the defendant, did not present any proposition of law based on the evidence, and was properly refused.

The court erred in sentencing the defendant for costs, allowing only 30 cents per day for his labor. The recent act requires that 40 cents per day shall be allowed. Acts Sp. Sess. 1907, p. 183, § 13.

The judgment of the court is reversed, and the cause remanded.

Tyson, C. J., and Haralson and Denson, JJ., concur.