(80 South. 150)

STREET v. BROWNING.   (7 Div. 495.)

(Court of Appeals of Alabama. Nov. 19, 1918.)

1. SUNDAY ⊙⇒13—EXECUTION OF CONTRACT ON SUNDAY.

A contract for the sale and exchange of lands executed on Sunday was void by Code 1907, § 3346.

2. PLEADING ⊙⇒142 — CHARACTER OF PLEADING—DETERMINATION BY SUBSTANCE—STATUTE.

Under Code 1907, § 5330, the character of a plea of set-off must be determined by its substance, and not its form.

3. APPEAL AND ERROR ⊙⇒194(4) — RESERVATION OF GROUNDS OF REVIEW — WAIVER OF OBJECTION TO PLEA.

Where issue was joined by plaintiff without objection on defendant's plea of set-off, he treated it as a sufficient plea, and he cannot successfully contend on appeal that the plea is not sufficient as a plea of set-off because not in terms offering to set off defendant's against plaintiff's demand.

4. VENDOR AND PURCHASER ⊙⇒329—FAILURE TO CONSUMMATE TRANSACTION — FAULT — SUFFICIENCY OF EVIDENCE.

In suit for breach of contract for sale and exchange of lands, evidence held not to prove averments of second count of complaint, particularly that sale was not consummated by defendant's fault.

Appeal from Circuit Court, Clay County; A. H. Alston, Judge.

Suit by J. C. Street against J. W. Browning. From judgment for defendant, plaintiff appeals. Affirmed.

Riddle & Riddle, of Talladega, for appellant.

McKay & Crumpton, of Ashland, for appellee.

BROWN, P. J.   [1] Appellant concedes that the evidence as to the issues presented by the first count of the complaint was in conflict, and that the evidence offered by the defendant was sufficient to support the finding that the alleged contract upon which that count is predicated was executed on Sunday and was therefore void. Code 1907, § 3346; Williams v. Armstrong, 130 Ala. 389, 30 South. 553; Wadsworth v. Dunnam, 117 Ala. 661, 23 South. 699.

The serious contentions made are: (1) That the defendant's plea 4 is not sufficient as a plea of set-off because it does not in terms offer to set off the demand made the basis of the plea against the demand of plaintiff; and (2) that said plea embodies the averment that the sale and exchange of lands between the parties failed because of the fault of the plaintiff, and that there is no evidence tending to support this averment.

[2, 3] Neither of these contentions can be sustained. The character of the plea must be determined by its substance, and not its form. Ragsdale v. Kinney, 119 Ala. 454, 24 South. 443; Code 1907, § 5330. Moreover, issue was joined on this plea without objection, and was thus treated as a sufficient plea of set-off.

[4] As to the other objection, there is evidence tending to show that the plaintiff inserted in the writing between the parties a stipulation that the defendant, in certain events, should pay an annual rental for the property traded to him by the plaintiff, and there is evidence tending to show that the plaintiff attempted to collect the amount stipulated to be paid as rent, and the evidence offered by the defendant tends to show that no such agreement was made, and that the stipulation was fraudulently inserted in the contract, and the evidence further tends to show that, because of plaintiff's efforts to collect the amount stipulated to be paid as rent, the defendant repudiated the fraudulent contract and abandoned the land of the plaintiff.

Moreover, we find in the second count of the complaint the following:

"Plaintiff avers that the defendant was let into possession of said land upon a supposed sale by plaintiff, which from the act of the defendant said sale has never been consummated."

So it cannot be said that the averments of the complaint were proven without room for adverse inference, and that the plaintiff was entitled to recover on that count.

What we have said as to the sufficiency of the defendant's plea 4 disposes of the other assignments of error.

We find no error in the record.

Affirmed.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes