(109 So. 182)
## NIX v. CITY OF ANDALUSIA. (4 Div. 215.)

(Court of Appeals of Alabama. June 15, 1926.)

**1. Criminal law ⬦886.**

If verdict finding defendant guilty and fixing fine improperly fixes hard labor punishment, judge may treat this as surplusage, and fix punishment as law requires.

**2. Criminal law ⬦861.**

Refusal to withdraw case from jury after one of jurors had tasted contents of bottle offered in evidence, and alleged to contain intoxicating liquor, held reversible error.

**3. Jury ⬦131(1).**

Under Code 1923, § 8662, refusal to permit defendant to ascertain if any of jurors were related to mayor, who presided in lower court, or to witnesses for prosecution, held erroneous.

**4. Jury ⬦66(6).**

Refusal to include jurors engaged in trial of another case to be placed on list from which to select jury held not error, where list contained 24 names of regular jurors.

**5. Criminal law ⬦459.**

It was competent to prove by witness that contents of bottle offered in evidence was whisky, where source of his knowledge was subject to cross-examination.

Rice, J., dissenting.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Prosecution by the City of Andalusia against Vester Nix. From a judgment of conviction, defendant appeals. Reversed and remanded.

A. Whaley, of Andalusia, for appellant.

Counsel argues the questions raised and treated, but without citing authorities.

Baldwin & Murphy, of Andalusia, for appellee.

Counsel discuss the questions treated, but' without citing authorities.

SAMFORD, J. There was at one time some uncertainty as to whether additional punishment, in cases such as here considered, should be fixed by the judge or jury trying the case on appeal to the circuit court, but those questions are now settled. Guin v. City of Tuscaloosa, ante, p. 61, 106 So. 64.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Under the law as it now stands the power is with the trial judge to fix the punishment, and, if the verdict of the jury, finding the defendant guilty and fixing a fine, goes further, and fixes a hard labor punishment, the judge trying the case may treat that part of the verdict fixing hard labor as surplusage, and proceed to fix the punishment as the law requires. Ex parte Robinson, 183 Ala. 30, 63 So. 177.

The bottles containing the whisky, charged as being possessed by defendant, were introduced in evidence, and were sitting on a table in the presence of the jury preparatory to being taken into the jury room as evidence. The court directed the attention of the jury to this evidence, and said: "You have the evidence there before you; you can see whether or not it is intoxicating liquor," whereupon one of the jurors took up one of the bottles and tasted the contents. The defendant excepted to the ruling of the court. Thereupon the court stated: "I did not permit it—he did it without the court's permission." Defendant then made his motion to withdraw the case from the jury. This motion was overruled and the defendant excepted.

[2] The decisions of courts of other jurisdictions are in hopeless conflict on the foregoing question. In Schulenberg v. State, 79 Neb. 65, 112 N. W. 304, 16 Ann. Cas. 217; People v. Kinney, 124 Mich. 486, 83 N. W. 147; Weinant v. State, 80 Neb. 161, 113 N. W. 1040; Reed v. Ter., 1 Okl. Cr. 481, 98 P. 583, 129 Am. St. Rep. 861; State v. McCafferty, 63 Me. 223, it is held not to be error for the court to permit the jury to take to their room a bottle of liquor introduced in evidence and to test the same by sight, taste, or smell. And the court in the Reed Case, supra, is persuasive in its arguments to sustain its position. On the other hand, the courts in Kansas, Texas, and Minnesota are in accord with our own Supreme Court in holding that the action of the court in permitting the jury to smell, drink, or taste liquor introduced in evidence is error to a reversal. On this subject Brickell, C. J., said:

"And if it [the liquor] had been introduced, and by its use the jurors had acquired knowledge, or formed any opinion as to its properties or qualities, the one juror could not have communicated his knowledge or opinion to another. 'A juror on trial who has knowledge of any material facts, must give notice, so that he can be sworn, examined and cross-examined.'" Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699.

In a later case (Phillips v. State, 156 Ala. 140, 47 So. 245) the Supreme Court approved the rule laid down by Brickell, C. J., but held that the bottle might be introduced in evidence. After a consideration of the authorities, we are bound to hold that the court in this case erred to a reversal. 1 Wharton, Ev. par. 602; Wadsworth v. Dun-

nam, 117 Ala. 661, 23 So. 699; 16 Ann. Cas. 218.

Attention is specifically directed to the case of Phillips v. State, 156 Ala. 140, 47 So. 245, and Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699. In the Phillips Case, the bottle and contents are admissible in evide.ce. In the Wadsworth Case, the jury may not test the liquor. It seems to the writer that the rule is reduced to absurdity, but this court is bound by the rule as it is declared.

[3] The bill of exceptions recites:

"Counsel for defendant then moved the court for permission for the defendant, through his counsel in this case, to ascertain from the jurors on the list furnished the defense, from which to strike, if either of them were related, by blood or marriage, to Mr. Prestwood, the mayor, who presided in the lower court, or to the two witnesses, Mr. Durrough and Mr. Harbin, witnesses for the city, the last two named being on the police force of the city. The court refused to permit this and to which ruling of the court defendant reserved an exception."

Section 8662 of the Code of 1923, written by the code committee, and evidently intended to further safeguard the rights of parties in obtaining a fair and unbiased consideration of the issues, reads as follows:

"*Examination of Jurors.*—In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."

Under this section the defendant was entitled to the information sought by inquiry of the individual jurors, and the court was in error in refusing to permit the defendant's counsel to ascertain whether or not there was relationship between the jurors and officers of the city charged with the prosecution of violations of city ordinances—not as a basis for a challenge for cause, but as a basis for his selection of jurors to try his case.

[4] There were 12 of the jurors impaneled for the week engaged in the trial of another case. The defendant insists that he was entitled to have these jurors on the lists from which his jury was to be selected. The lists from which defendant was required to select a jury contained 24 names of regular jurors. This was not error. Bridgeforth v. State, 20 Ala. App. 20, 100 So. 564.

[5] It was competent to prove by the witness Durrough that the contents of the bottle offered in evidence was whisky. The source of his knowledge was the subject of cross-examination. The same ruling as above applies to like testimony from the witness Harbin.

The other rulings of the court, even if error, were without injury.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

RICE, J., dissents.