Gibson & Hewitt, Birmingham, for appellant.

Chas. H. Brown, Birmingham, for appellee.

52 So.2d 394

### SMITH v. CITY OF BIRMINGHAM.
### 6 Div. 156.

Court of Appeals of Alabama.
May 1, 1951.

**CARR, Presiding Judge.**

The accused was convicted in the circuit court on a charge of possessing lottery

tickets in violation of Section 600 of the General City Code of Birmingham, Alabama.

This ordinance was held to be constitutional in Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761, certiorari denied 254 Ala. 515, 48 So.2d 768.

The jury by its verdict fixed the punishment at a fine and hard labor for the City.

It seems to be now well settled that in cases of this nature the power is in the trial judge and not the jury to impose hard labor. Nix v. City of Andalusia, 21 Ala. App. 439, 109 So. 182; Johnson v. City of Jasper, 35 Ala.App. 82, 43 So.2d 843.

In the case at bar the trial judge proceeded to sentence the defendant to perform hard labor for the City to pay the fine and cost and further ordered that the defendant perform additional hard labor for the City for one hundred and fifty days.

The part of the jury verdict fixing hard labor may be treated by the lower court as surplusage, and he may proceed to fix the punishment as the law requires. Nix v. City of Andalusia, supra; Genie v. State, Ala., 39 So. 573; Taylor v. State, 114 Ala. 20, 21 So. 947.

It is true that the trial judge erroneously charged the jury that it might impose the hard labor, but no exceptions were reserved to this instruction. Therefore, a review of this matter is foreclosed.

The court overruled appellant's objections to these portions of the argument of the city attorney: "That is the only way in the world to break them up—to let them know this community doesn't put up with this. When they can pay off, what does that mean? They can just extend it eventually—" "If they are fined, they can pay off and that means just what?" "If they can come up her and get off, they can get more agents and roll in more and roll in more and bring up the—"

The matter of the extent to which counsel may go in arguing to the jury is largely discretionary with the trial court. For its abuse the appellate courts have in many cases based reversible error.

We do not think that the city attorney exceeded the limits of legal propriety when he made the assertions to which objections were interposed. King v. State, 17 Ala.App. 536, 87 So. 701; Lindsey v. State, 17 Ala.App. 670, 88 So. 189; Arnold v. State, 18 Ala.App. 453, 93 So. 83; James v. State, 14 Ala.App. 652, 72 So. 299; Snoddy v. State, 20 Ala.App. 168, 101 So. 303; Whitfield v. State, 22 Ala.App. 556, 117 So. 761; Frost v. State, 225 Ala. 232, 142 So. 427; Bell v. State, 227 Ala. 254, 149 So. 687.

We have responded to each assignment of error which is pressed for our review.

The judgment below is ordered affirmed.

Affirmed.