.53 So.2d 809

**NORRIS v. CITY OF BIRMINGHAM.**

**6 Div. 183.**

Court of Appeals of Alabama.

Aug. 2, 1951.

Gibson & Hewitt, Birmingham, for appellant.

182

Chas. H. Brown, Birmingham, for appellee.

PRICE, Judge.

Appellant was convicted in the circuit court on a charge of possessing lottery tickets in violation of Section 600 of the General City Code of Birmingham, Alabama.

This ordinance was held to be constitutional in Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761, certiorari denied 254 Ala. 515, 48 So.2d 768.

The jury found the defendant guilty and fixed his punishment at a fine and hard labor for the City.

■ The power to impose hard labor in cases of this nature is in the court and not the jury. Nix v. City of Andalusia, 21 Ala.

App. 439, 109 So. 182; Johnson v. City of Jasper, 35 Ala.App. 82, 43 So.2d 843.

■ The court proceeded to sentence defendant to perform hard labor to pay the fine and cost and further ordered that defendant perform additional hard labor for the City for ninety days.

The part of the jury verdict fixing hard labor may be treated by the court as surplusage and he may proceed to fix the punishment as the law requires. Nix v. City of Andalusia, supra; Genie v. State, Ala.Sup., 39 So. 573; Taylor v. State, 114 Ala. 20, 21 So. 947.

■ No exception was reserved to the court's charge that the jury might impose hard labor, therefore, there is nothing for this court to review. Wilson v. State, 27 Ala.App. 38, 166 So. 715.

■ The prosecuting attorney in his argument to the jury remarked: "If they did not know this boy—you have got to draw your inference—if they had known this boy—"

Defense counsel objected and moved for a mistrial. The court overruled the objection and motion, but stated to the jury: "The Court: I will say to the jury that there is no evidence as to previous acquaintance between the arresting officers and this defendant."

The prosecuting attorney did not complete the statement after the interruption. It is impossible for us to determine what was intended to be said, and since every reasonable presumption must be indulged in favor of the correctness of the trial court's ruling, we do not feel it should be placed in error in overruling the objection and denying the motion for a mistrial. Beaird v. State, 219 Ala. 46, 121 So. 38, Nolen v. State, 35 Ala.App. 249, 45 So.2d 786, certiorari denied 253 Ala. 565, 45 So.2d 792.

The judgment of the lower court is ordered affirmed.

Affirmed.